Commonwealth *v.* Ellis, Appellant.

Argued April 14, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*William T. Connor,* with him *John R. K. Scott,* for appellant.

*Romeyn F. Culver,* District Attorney, for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 22, 1944:

Robert A. Ellis, appellant, was indicted and tried for burglary under Section 901 of the Act of 1939, P. L. 872, 18 PS Section 4901, which provides: "Whoever, at any time, wilfully and maliciously, enters any building, with intent to commit any felony therein, is guilty of burglary . . ." A jury returned a verdict of guilty of "an attempt to break and enter building with the intent to commit rape." [1] A motion for a directed verdict was refused. No request was made for a new trial. Appeal was taken to the Superior Court, which court affirmed the court below, two judges dissenting. This Court allowed an appeal. Appellant contends that there was insufficient evidence to support the verdict.

The Commonwealth's evidence established that about 1:30 A. M. on August 10, 1943, Mrs. Bessie Charland was in her bedroom on the first floor of her home when she saw Ellis at her bedroom window. She was acquainted with him. On several occasions they met at drinking establishments. Appellant broke the lower pane of the

---

[1] This verdict is permitted by the Act of 1939, P. L. 872, Section 1107, 18 PS Section 5107: "If, on the trial of any person charged with felony or misdemeanor, it shall appear to the jury, upon the evidence, that the defendant did not complete the offense charged, but was guilty only of an attempt to commit the crime, he shall not by reason thereof be entitled to be acquitted, but the jury may return, as their verdict, that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same.

"Thereupon such person shall be liable to be punished in the same manner as if he had been convicted upon an indictment for attempting to commit the particular felony or misdemeanor charged in the indictment.

"No person so convicted shall be liable to be thereafter prosecuted of an attempt to commit the felony or misdemeanor for which he was so convicted."

window with his fist. She requested him to leave and when he failed to go, instead of making an outcry, she told him that she would have him arrested. She went to the home of a neighbor for the purpose of calling the police, having first turned on the lights in her home. Appellant, seeing her on the neighbor's porch, walked toward her, then turned, went upon her porch, and entered her house, the front door having been left open by her. A few minutes later he came out of the house and walked away. Nothing was taken from the house nor was anything disturbed. The record is barren of evidence of any act toward the person of Mrs. Charland. There is no evidence that appellant made any attempt to enter the bedroom or attack the person of Mrs. Charland before or after she recognized him, turned on the lights, and left the house to call the police. No threats were made and no gestures or language used to suggest intention to commit rape or any other felony or unlawful act. Ellis was arrested the following day and later tried and convicted.

"An attempt . . . is an overt act done in pursance of an intent to do a specific thing, tending to the end but falling short of complete accomplishment of it. In law, the definition must have this further qualification, that the overt act must be sufficiently proximate to the intended crime to form one of the natural series of acts which the intent requires for its full execution. So long as the acts are confined to preparation only, and can be abandoned before any transgression of the law or of others' rights, they are within the sphere of intent and do not amount to attempts": *Commonwealth v. Eagan*, 190 Pa. 10, 21-2. See *Commonwealth v. Crow*, 303 Pa. 91, 98; *Commonwealth v. Neubauer*, 142 Pa. Superior Ct. 528, 533. The record contains no evidence of an intention to commit any felonious act against the person or property of Mrs. Charland. It is true that intent may be inferred from actions as well as words. These actions, however, must bear a reasonable relation to the commission of the felony. The record discloses no overt act

sufficiently proximate to the alleged intended crime which may properly be said to be one of the natural series of acts required for the commission of the crime. The verdict is one which under the evidence could only have been reached by, and based upon, conjecture and surmise rather than permissible inferences from evidence adduced.

Judgment of the Superior Court is reversed, the conviction set aside, and appellant forthwith discharged.