## Commonwealth *v.* Stewart, Appellant.

Argued October 22, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*A. M. Oliver,* with him *Walter W. McVay,* for appellant.

*Jacob E. Kalson,* Assistant District Attorney, with him *Russell H. Adams,* District Attorney, for appellee.

OPINION BY ROSS, J., December 14, 1945:

The defendant was convicted of sodomy and after his motion for a new trial was overruled and sentence was imposed he has appealed to this Court, assigning as error, inter alia, that portion of the trial court's charge which reads as follows: "The charge is sodomy, which is the unnatural relationship between a man and a woman, as in this case. I am not going to define it any further unless requested by either side."

Appellant contends that the use of the words "as in this case", in the above quoted portion of the lower court's charge, was the equivalent of giving binding instructions for the Commonwealth. With that contention we do not agree, but we are of the opinion that it was highly prejudicial to the defendant, particularly since the words were used at the very beginning of the court's charge, and may perhaps explain a verdict that otherwise would be difficult to comprehend under the testimony in this case.

A distinctive feature of trial by jury is that the proceedings are conducted by a trial judge learned in the law and even though in criminal cases the jury are said to be judges of fact and law, it is the duty of the jury to take the statement of the law by the court as the best evidence of the law within their reach. Notwithstanding any rules as to what the jury should know about the law or their duty to apply it, it remains a fact that juries are dependent on the court for advice as to the law applicable. *Com. v. Gold,* 123 Pa. Superior Ct. 128, 186 A. 208. One of the prime requisites in doing justice to all

426

parties concerned is that a jury shall clearly understand the issues involved in the case and the respective duties of the trial court and the jury. The trial court's use of the words "as in this case" may very well have confused or misled the jury to the prejudice of the defendant.

Judgment reversed with a new trial.