Commonwealth *v.* Foley, Appellant.

544

Argued October 5, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Louis Lipschitz*, with him *Ernest E. Heim*, for appellant.

*L. Lyle Houpt*, Assistant District Attorney, for appellee.

OPINION BY WRIGHT, J., November 16, 1955:

Mark P. Foley, Patrick J. O'Brien, Edmond J. Betts, Joseph M. Lightcap, and Anthony Bucci were indicted in Montgomery County on charges of feloniously assaulting Louis F. Hance, Jr. with intent to rob, a violation of section 705 of The Penal Code.[1]

---

[1] Act of June 24, 1939, P. L. 872, section 705, 18 PS 4705.

Betts pleaded guilty. The jury convicted Foley, O'Brien, and Bucci, and acquitted Lightcap. A motion in arrest of judgment was granted as to Bucci. The motions of Foley and O'Brien in arrest of judgment and for a new trial were refused, and they were committed to the Pennsylvania Industrial School. Foley has appealed.

The pertinent portions of the Commonwealth's evidence are summarized in the following excerpts from the opinion of Judge FORREST for the lower court:

"Louis F. Hance, Jr., age 27, lives about 2½ miles from Lansdale; on September 13, 1954 upon leaving a movie in Lansdale, he went to Broad and Main Street where he solicited a ride from Betts and the defendants who were riding in a Ford convertible driven by O'Brien with Foley on his right in the front seat and Bucci, Betts and Lightcap in the back. Someone asked Hance where he was going. Hance replied and then Foley said, 'O.K., get in.' and stepped out. Hance sat between the driver and Foley. When they arrived at Lansdale Avenue, where Hance had said he wanted to get off, O'Brien stopped the car. Hance said, 'this is it', which was repeated by someone else. Someone in the back seat said, 'Hey, buddy, have you got any loot?' Hance replied, 'No.' O'Brien then said, 'Look. We mean business.' Then Betts threw his arm around Hance's throat. Hance struggled to free himself. As he did so O'Brien reached for Hance's pockets. Hance tried to kick Foley, who was on his right, and these two somehow fell out on the sidewalk and began to slug one another. At about that time, someone shouted that the police were there. The car moved on and Foley took off, but reappeared from the rear of the police car which had stopped. He said to Hance, 'Look buddy, give me a break will you, just this once?' Hance refused and Foley ran off. Hance observed

that the Pennsylvania license tag of the car concluded with '00U'. After getting in the car Hance had been ill at ease because Foley stared at him continually. To ease the tension Hance said to Foley, 'why are you blushing?' Within a minute after that Hance felt the arm around his throat.

"Officer Allen Yeakle testified that he saw the defendants at the Longaker Hotel at about 10:30 that evening; that he saw the car stop and let someone in; that its license No. was 'J900U'; that he proceeded to Lansdale Avenue, noticed the car again. The car was parked, with the right door open and Foley standing there. The car pulled away. Officer Yeakle stopped to talk with Foley who said that he had had a fight in the car and got out; that he was waiting for the car. The car then drove by in an easterly direction and Foley ran in the same direction, calling for them to stop. Officer Yeakle then stopped Foley and Hance called to Yeakle to hold Foley. The officer corroborated Hance's testimony that Foley pleaded with Hance to give him just one chance. Then, when Foley ran off Officer Yeakle hollered to him to halt while still only a few feet away. The officer chased him for about a quarter-mile into a wooded area, where Foley eluded capture. In the chase Foley lost his blue jacket, but later led the police to the spot where it was . . .

"Betts testified as a witness for the Commonwealth that he, the three defendants, and Lightcap got into O'Brien's automobile at the Longaker Hotel; that Foley was in the front seat and the other three in the back, Betts in the middle, Lightcap on the left and Bucci on the right; that someone said, 'Let's pick this guy up,' and someone else said, 'Let's roll him'; that O'Brien stopped the car to pick up Hance; that Foley got out so as to seat Hance in the middle. Betts corroborated the testimony that Hance inquired of Foley,

'What are you blushing about?' He said that as they approached Lansdale Avenue, Hance said, 'This is it' and O'Brien echoed the statement; that Betts then put his arm around Hance's neck and asked him if he had any money and that he then noticed the police car; that Foley and Hance got out of the car fighting; that the car proceeded to drive around the block to pick up Foley, but that Foley was not found".

Appellant's first contention is that his motion in arrest of judgment should have been granted because the "evidence was insufficient to establish the guilt of Foley". It is argued that Foley did not say anything to Hance and did not attempt to assault him. But there was evidence from which the jury could infer that, prior to Hance's entry into the car, there was a plan to "roll him", of which plan Foley was aware and to which he impliedly assented. This inference is supported by the testimony that Foley got out of the car so as to seat Hance in the middle, that Foley subsequently importuned Hance to give him "a break", and that Foley fled from the officer. The trial judge instructed the jury that a conviction would be justified only if there was a concert of design before Hance entered the car. Concert of design does not necessarily involve participation in every detail of execution: *Commonwealth v. Strantz*, 328 Pa. 33, 195 A. 75. And see *Commonwealth v. Thomas*, 357 Pa. 68, 53 A. 2d 112. In *Commonwealth v. Ellis*, 349 Pa. 402, 37 A. 2d 504, relied upon by counsel for appellant, the Supreme Court said that the verdict there under consideration was "one which under the evidence could only have been reached by, and based upon, conjecture and surmise rather than permissible inferences from evidence adduced". That language is not applicable to the verdict in the case at bar. Our conclusion is that the motion in arrest of judgment was properly refused.

Appellant's second contention is that we should award a new trial because the trial judge committed "fundamental error in misquoting testimony". We perceive no merit in this contention. It is directed against an excerpt from the charge set forth in the footnote.[2] The trial judge was expressly detailing his own recollection of the testimony. Previously he had said: "Now, Members of the Jury, you are the tryers of the fact, and the fact that I mention something you do not agree with, you in your own discretion can say, 'Well, the Judge wasn't right about that'". Furthermore, the alleged misquotation was not called to the attention of the trial judge at the conclusion of the charge: *Commonwealth v. Becker*, 326 Pa. 105, 191 A. 351, and the question is raised for the first time on this appeal: *Commonwealth v. Troy*, 274 Pa. 265, 118 A. 252. Counsel for appellant cites *Commonwealth v. O'Brien*, 312 Pa. 543, 168 A. 244, but the effect of the statement of the trial judge in that case was to withdraw from the jury all consideration of certain very material testimony. Our decision in *Commonwealth v. O'Toole*, 159 Pa. Superior Ct. 592, 49 A. 2d. 267, also cited by counsel for appellant, was based principally upon a reference by the trial judge to the fact that the defendant had not taken the witness stand.

Appellant's third contention is that the court below erred in "charging the jury as to principles of law which may or may not be involved". This complaint is directed against the opening sentence in the charge

---

[2] "Now, as far as Foley is concerned, Hance said that Foley, as I remember the testimony, started to fight with him. What happened? It is up to you to remember. And they continued to fight outside the car. Both boys agree they were fighting. Why they were fighting, as to whether it was because of something Hance had done, or whether it was something that Foley started, that is up to you".

of the trial judge, which was as follows: "The defendants here are charged with a felony, which I will explain subsequently, after I give you the principles of law which may or may not be involved; that will be up to you". The first sentences in the second paragraph of the charge were: "The facts are for you. The law is for the court". It is readily apparent that, at the outset of his charge, the trial judge was endeavoring to point out to the jurors that they were to find the facts, and that the rules of law which were applicable depended upon the facts found. Counsel for appellant relies upon *Commonwealth v. Stewart*, 158 Pa. Superior Ct. 424, 44 A. 2d 857, in which case the trial judge commenced his charge as follows: "The charge is sodomy, which is the unnatural relationship between a man and a woman, *as in this case*" (italics supplied). We held that the italicized language was prejudicial and awarded a new trial. See also *Commonwealth v. Tomaski*, 170 Pa. Superior Ct. 136, 84 A. 2d 390. Our decision in the *Stewart* case is not controlling in the present situation. Jurors must apply the law, as enunciated by the court, to the facts as they may find them to be proved. See *Commonwealth v. Walker*, 178 Pa. Superior Ct. 522, 116 A. 2d 230, and cases therein cited. We perceive no error in the charge of the trial judge in this regard.

Judgment affirmed.