Commonwealth *v.* Thomas, Appellant.

126

Argued November 20, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*James Donohue*, Assistant Defender, with him *Jonathan Miller*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*Milton M. Stein*, Assistant District Attorney, with him *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 19, 1973:

On September 29, 1969, at approximately 9:15 p.m., Karolyn Miller, a student at Temple University, was

walking with a friend down Pine Street toward Tenth Street in Philadelphia. In Miss Miller's words: "A. . . . We were walking towards 10th Street and there were two boys, teenage Negro boys coming towards us and, as we stepped off the curb in the small street, and they stepped up the curb. The two of them split and they walked around behind us and I thought something was going to happen. Q. You can't tell us what you thought. But you saw them split, which I take it means separating. A. And I pushed Mary Ann out of the way. I pushed her towards the street and the boys went around behind us and then the shorter of the two boys, the one who is not here today, the juvenile, he grabbed ahold of my purse and my coat and the other boy, the . . . [appellant], stood behind him, facing me and I fought with the boy that had the purse. I fought with him for several minutes, and then the rings that were on the handle of the purse broke and he tore the purse away from me and ripped my coat and the two boys ran down the small street to Lombard and we went to the corner and called the police."

On the basis of this testimony, Ralph Thomas, appellant, was found guilty by a judge, sitting without a jury, of aggravated robbery, even though there was no evidence that he had ever touched the purse, or intervened in the struggle during which the purse was taken, or even conversed with the youth who actually took the purse. After denial of his post-trial motions and entry of the judgment of sentence of one and one-half to ten years' imprisonment, appellant filed a direct appeal to the Superior Court. The judgment of sentence was affirmed per curiam, with a dissenting opinion filed by Judge HOFFMAN and joined by Judge SPAULDING. *Commonwealth v. Thomas*, 222 Pa. Superior Ct. 111, 289 A. 2d 146 (1972).

We granted allocatur and now we reverse.

In his appeal, appellant first argues that the evidence was insufficient to support a guilty verdict, as it showed only that appellant was present at the scene of a purse snatching committed by another person, with whom appellant subsequently fled. In making this argument, appellant relies on our opinion in *Commonwealth v. Garrett,* 423 Pa. 8, 222 A. 2d 902 (1966), where we held that evidence of a defendant's presence at the scene of a robbery "in the absence of other evidence indicative of his participation in the robbery, did not warrant submission of the case to a jury." 423 Pa. at 13.

The Commonwealth argues that the evidence showed much more than appellant's "mere presence" at the scene. According to the Commonwealth, the evidence shows that appellant played a full role in helping to surround the victim and in backing up his companion's attack on her, a role which was witnessed by the victim, unlike the situation in *Garrett,* where the victim could not establish the actual number of his assailants or the roles played by those who did not actually assault him, since he remembered only that he had seen four men together shortly before he was assaulted by some or all of their number.

We believe that the testimony of the prosecutrix, that the appellant and his companion came toward the two girls, split when they got within three feet of the girls, and then walked around behind the girls in such a way that the prosecutrix "thought something was going to happen", might create an inference that the appellant was a participant in the robbery. Considering the vagueness of this testimony, however, we believe that, as appellant also argues, he should have been allowed to rebut this inference by showing, through cross-examination, that the belief of the prosecutrix that appellant was part of the robbery was not based

on appellant's actual conduct, but rather upon unsupported suspicions of the prosecutrix.

The record shows that when defense counsel attempted to ask the prosecutrix whether: ". . . there was anything that Mr. Thomas did in way of words or physical actions which put you in fear that he would take your property?" The Commonwealth objected, and the court refused to permit the question.

Again, when defense counsel attempted to ask the prosecutrix: "Did Thomas, while you were fighting with the juvenile, do anything in the way of a physical act by approaching you or giving you fear that he was going to join the squabble or in an attempt to participate in the taking of the purse?" The Commonwealth objected, and the court did not permit the question, apparently because the court believed the answer to be irrelevant. As the court explained: "Well, I think I have got the surrounding circumstances. They were both there. And according to the act itself, why being there, whoever did the grabbing is one thing, if the facts so warrant. I think I understand. But they both ran away and afterwards you identified them?"

In restricting the cross-examination in this manner, we believe that the trial court committed reversible error. As we have already explained, the appellant's mere presence at the scene was not sufficient to support a verdict. By restricting cross-examination, the court prevented appellant from rebutting the inference that the Commonwealth's case against him actually consisted of more than simply evidence of his presence.

Order of the Superior Court reversed, judgment of sentence vacated and case remanded for a new trial.

Mr. Chief Justice JONES dissents.