## Commonwealth v. Thomas

*Barney McGinley,* Assistant District Attorney, for Commonwealth.

*John Sughrue,* for defendant.

ZEIGLER, J., March 19, 1974.—Defendant, Delmar F. Thomas, was indicted for alleged violation of sections 901 (criminal attempt), 3502 (burglary), and 908 (prohibited offensive weapons) of the Crimes Code.[1] After a nonjury trial, defendant was adjudged guilty of both counts. Defendant filed motions for new trial and arrest of judgment.

The operative facts occurred at approximately 12:15 p.m., on September 11, 1973. Delmar F. Thomas was observed in the rear yard of property occupied by

_____

[1] Act of December 6, 1972, P. L. 1068 (No. 334), sec. 1, 18 PS §§101, et seq.

Emmanuel Gay and located at 5129 Hillcrest, Pittsburgh. He was viewed by two instructors employed at Fort Pitt Elementary School. The school is located approximately 15 to 20 yards adjacent to the Gay property. Each structure fronts on Hillcrest Street. The instructors, Joyce Weathers and Carol Roccasano, were positioned in a class room with several windows which face the house. From their vantage point, they maintained an unobstructed view of defendant from 12:15 to 12:45 p.m.

During this period, Thomas was observed sitting on steps to the rear of the house. He was hitting a screen, which covered the basement window, with a revolver. After pounding the metal frame and tearing the screen, Thomas walked to the basement door. He positioned himself in a prone position on the ground, and kicked the door with both feet. Unable to gain entry, he returned to the window. He continually struck the screen and frame with the revolver. The glass window did not shatter. Once again, he returned to the door and began kicking with both feet. After witnessing these events, the instructors at the school summoned the police. Thomas was arrested as he walked from the rear of the property to Hillcrest Street.

Defendant contends that the evidence is insufficient, as to either count, to establish guilt beyond a reasonable doubt. He also contends that, since he was improperly indicted for alleged violation of section 908 (prohibited offense weapons), judgment must be arrested relative to count two. The court is convinced that defendant was improperly indicted and judgment must be entered on his behalf on the second count. However, defendant's motions for new trial and arrest of judgment must be denied with respect to count one (attempted burglary).

## COUNT I.   ATTEMPTED BURGLARY

Section 3502 of the Crimes Code defines burglary as follows:

"A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter": Act of December 6, 1972, P.L. 1068 (No. 334), sec. 3502, 18 PS §3502.

An attempt is any act which, with intent to commit a specific crime, constitutes a substantial step toward the commission of the crime: Act of December 6, 1972, P. L. 1068 (No. 334), sec. 901, 18 PS §901. The intent necessary to establish the offense may be found in the words, circumstances and inferences attendant to defendant's conduct: Commonwealth v. Moore, 226 Pa. Superior Ct. 32, 311 A. 2d 704 (1973); Commonwealth v. Bova, 180 Pa. Superior Ct. 359, 119 A. 2d 866 (1956). If the Commonwealth relies upon a defendant's conduct or actions, they must bear a reasonable relationship to the commission of a crime: Commonwealth v. Ellis, 349 Pa. 402, 37 A. 2d 504 (1944). Although mere presence of a defendant at or near the scene of a crime is not a sufficient circumstance of activity upon which to predicate guilt (Commonwealth v. Stanley, 453 Pa. 467, 309 A. 2d 408 (1973); Commonwealth v. Garrett, 423 Pa. 8, 222 A. 2d 902 (1966); Commonwealth v. Moore, supra), the instant case establishes more than defendant's presence at a residence on Hillcrest Street.

Defendant, Delmar F. Thomas, was observed with a revolver in hand, tampering and banging on the metal screen covering the basement window. Although the glass did not shatter, the screen was ripped from the frame and the frame was bent. Defendant at-

tempted to kick open the basement door by placing himself on his buttocks and kicking the door with both feet. During these activities, which continued for approximately 30 minutes, Thomas glanced suspiciously at the surrounding area. The possession of a revolver, coupled with defendant's actions, justify the Commonwealth's contention that defendant intended to enter the premises for the purpose of committing a crime.[2]

Defendant contends that the owner of the property testified the basement door failed to exhibit any marks of attempted entry. Further, he argues that the damage to the window screen may have antedated September 11, 1973. While this argument summarizes, in part, the testimony of Emmanuel Gay, it fails to consider the testimony of an eye witness, Carol Roccassano. She testified defendant banged the revolver against the window frame, ripped the screen and kicked the door. Her testimony is corroborated by Joyce Weathers. The fact the door was not damaged does not warrant the conclusion that the eyewitnesses are unworthy of belief.

The Commonwealth must establish that, in addition to the intent, defendant manifested "a substantial step" toward the commission of a crime: Act of December 6, 1972, P. L. 1068 (No. 334), sec. 901, 18 PS §901. The words "substantial step" are not defined in the Crimes Code. The decisions emanating from the Penal Code of 1939 require an "overt act" done in pursuance of an intent: Act of June 24, 1939, P. L. 872, sec. 1107 (repealed 1972); Commonwealth v. Ellis, 349

---

[2] The Crimes Code abrogates the requirement that the Commonwealth establish the entry upon premises with the intention of committing a felony: Commonwealth v. Freeman, 225 Pa. Superior Ct. 396, 313 A. 2d 770 (1973).

Pa. 402, 37 A. 2d 504 (1944); Commonwealth v. Willard, 179 Pa. Superior Ct. 368, 116 A. 2d 751 (1955).

In Commonwealth v. Willard, supra, the Supreme Court distinguished acts which constitute preparation from acts which constitute an attempt. Willard was indicted for attempt to commit an abortion. Defendant obtained medical equipment from an adjoining room. As she approached the prosecutrix, the police entered the room and arrested defendant. The court held that the evidence was insufficient to convict because defendant did not touch the victim nor did she furnish any drugs.

The recent case of Commonwealth v. Moore, 226 Pa. Superior Ct. 32, 311 A. 2d 704 (1973), is opposite to the instant case. In Moore, defendant was convicted of attempted burglary. He was observed acting as a lookout for one Mills. Mills was attempting to pry open a door to a private residence. After Mills failed to gain access, Moore accompanied him to the rear of the property. As they attempted to "get in" the back gate, the police were summoned. The police arrested defendant after discovering that the lock on the door had been broken.

The facts in the present case are stronger than those recited in Moore. In Moore, no weapon was observed. Thomas possessed a revolver which he used to tear the window screen and bend the frame. Defendant's attempt to break open the basement door was thwarted due to strength of the lock. In short, the acts of Thomas constitute more than the preparatory steps recounted in Willard, supra. The acts of defendant would have resulted in the commission of a crime "if not extrinsically hindered or frustrated by extraneous circumstances" (Commonwealth v. Willard, 179 Pa. Superior Ct. 368, (1955) 373, 116 A. 2d 751, 753 (1955), but cf., Commonwealth v. Ellis, 349 Pa. 402, 37 A. 2d

504 (1944).[3] The activities of Thomas constituted a substantial step toward the commission of a crime and the motions of defendant for new trial and judgment must be denied.

## COUNT II. PROHIBITED OFFENSIVE WEAPONS

Defendant was indicted for alleged violation of section 908 of the Crimes Code. This section proscribes the possession of any offensive weapon, except as authorized by law: Act of December 6, 1972, P. L. 1068 (No. 334), sec. 908, 18 PS §908. Section 908(c) defines an offensive weapon as follows:

"As used in this section 'offensive weapon' means any bomb, grenade, machine gun, sawed-off shotgun, firearms specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism or otherwise, or other implement for the infliction of serious bodily injury which serves no common lawful purpose."

The evidence adduced by the Commonwealth indicates that defendant possessed a revolver. The instructors employed at the school testified that defendant utilized a hand gun to attempt entry to the basement. The weapon found by Officer Lugaila to the rear of the Gay residence was a "7.65 Mauser," a hand gun. Assuming the Mauser was the hand gun observed by the instructors,[4] defendant was indicted improperly.

---

[3] Ellis is inapposite to the present case because the facts reveal that Ellis never intended to commit a crime.

[4] The court is doubtful that the Commonwealth presented sufficient evidence to establish Thomas possessed the revolver which was found in the yard subsequent to his arrest. See Commonwealth v. Stanley, 453 Pa. 467, 309 A. 2d 408 (1973).

The only guns to which reference is made in section 908 are (1) machine guns (2) sawed-off shotguns and (3) firearms specifically adopted for concealment or silent discharge. The record is void of evidence that defendant possessed a weapon prohibited by this section of the Crimes Code.

The evidence may established a violation of sections 907 or 6106 of the Crimes Code. However, to convict defendant of either offense without notice is constitutionally infirm. See Stirone v. United States, 361 U. S. 212 (1970); Commonwealth v. Wolfe, 220 Pa. Superior Ct. 415, 289 A. 2d 153 (1972). As stated by Judge Hoffman in Wolfe:

"In a criminal prosecution it is imperative that a defendant be given clear notice of the charges against him. The indictment upon which appellant was charged in the instant case contains no notice of a violation of 18 P.S. §4416. The indictments in Bryant and this case do contain a reference to the use of a gun, but this would not be sufficient notice of the charge. *A defendant should not have to guess which charges have been placed against him.* If the charges in an indictment are not clear and explicit, a defendant cannot properly defend against them": 220 Pa. Superior Ct. at 419-20, 289 A. 2d at 155. (emphasis added)

The motion of defendant for judgment with respect to count II must be granted.

An appropriate order in accord with this opinion will be entered.

## ORDER OF COURT

And now, to-wit, March 19, 1974, following oral argument and consideration of the brief of defendant, it is hereby ordered that the motions of defendant for new trial and arrest of judgment, with respect to count I (attempted burglary) are denied, and the motion in arrest of judgment with respect to count II (prohibited offensive weapons) is hereby granted.