389 A.2d 626

COMMONWEALTH of Pennsylvania

v.

Anthony NUTTER, Appellant.

Superior Court of Pennsylvania.

Submitted March 16, 1977.

Decided July 12, 1978.

112

Thompson J. McCullough, Assistant Public Defender, York, for appellant.

Daniel F. Wolfson, Assistant District Attorney, and Donald L. Reihart, District Attorney, York, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is a direct appeal from judgment of sentence. Appellant was charged with burglary and theft and following a trial by jury, was convicted of burglary.[1]

The facts established that in the early morning hours of March 8, 1976 at approximately 2:32 A.M., a silent burglar alarm was activated in the Tremont Restaurant in the City of York, Pennsylvania. City police officers arrived shortly

---

1. See 18 Pa.C.S. 3502(d).

and surrounded the large building, which was closed to the public at that time. They found that entrance was gained through a broken basement window. As the police began searching the premises they noted several vending machines had been pried open, the coin boxes were removed, but were found discarded elsewhere within the building. Estimated amounts of change, alleged to have been contained inside the coin boxes was never located. A portable TV set appeared to have been moved a substantial distance, from the upstairs recreation room where it was originally and regularly located, to a downstairs banquet room where it was found on the floor next to the door. Then, in the basement garage area, which was presently being used for storage of folded tables and chairs, the police officers heard a noise. They identified themselves as police officers and called out to the outline of a person in the shadows to come out and surrender. After repeating this order approximately three times, and after one of the officers cocked his service revolver, the appellant came out from behind a stack of folded tables. In his possession, appellant was found to have a large sturdy standard head screwdriver, a small flashlight, some used Pennsylvania lottery tickets, and $1.46 in change. Although he could not positively identify the items in question, the restaurant manager testified at trial, over objection, that the flashlight and lottery tickets were "similar" in size and appearance to like items that were discovered missing from the cocktail lounge where they were usually located.

Appellant also objected to a remark made during the Assistant District Attorney's closing argument to the jury, that "If you believe the officer's testimony, you have to find that Mr. Nutter entered the premises with the intent of committing a crime."

Following the jury verdict against appellant, post-verdict motions were filed and subsequently denied. A term of imprisonment (2½ to 5 years) was imposed and this appeal followed.

■ Three issues are asserted as grounds for a new trial. First, appellant contends that the trial court erred in admitting the flashlight and lottery tickets as exhibits of items intended to be stolen from the restaurant. Appellant complains that both items are mass-produced and neither was positively identified by the owner. The only testimony as to each of these items was that given by the restaurant operations manager, who stated that they were like or similar to items kept in the cocktail lounge by the bartender. Appellant argues that they were inadmissible since it was not established that the items were on the premises prior to his entry. He concludes that his mere possession of these items is irrelevant to the issues of burglary and theft, citing *Commonwealth v. DelMarmol*, 206 Pa.Super. 512, 214 A.2d 264 (1965) as sole support for his position. However, the *DelMarmol* decision is clearly distinguishable. The objectionable penknife involved in the *DelMarmol* case was found off the burglarized premises, on the counter top of a nearby jewelry store in which defendant was apprehended, and it was found three days after his apprehension. There was no testimony that anyone saw defendant *DelMarmol* put the knife there and in fact there was no testimony that either of the defendants in the *DelMarmol* case were seen with a knife earlier at the scene of the burglary, nor was there any evidence of knife marks on the door. Furthermore the inadmissibility of the knife was compounded when the police officer gave prejudicial testimony that the penknife could be used to slip back the bolt of the lock. Under those circumstances the *DelMarmol* court correctly held that since there was insufficient evidence connecting the penknife with the crime or with the defendant, it was therefore irrelevant and inadmissible. Here, unlike *DelMarmol*, the flashlight and lottery tickets were found in possession of appellant personally and within the burglarized premises. In addition, the restaurant manager testified that after the burglary, these two items were missing from the cocktail lounge where they were regularly located. Therefore, we hold that under the *DelMarmol* rationale these items were relevant and admissible. The Supreme Court's statement in *Commonwealth v.*

*Ford*, 451 Pa. 81, 301 A.2d 856 (1973) is analogous and instructive:

> "[P]ositive testimony that the knife in question was actually the murder weapon is not required prior to introduction into evidence . . . If a proper foundation for the admission of the evidence has been laid, as here, then admission into evidence is permissible . . . The fact that the knife could not be positively identified affects the weight of such evidence, but not its admissibility . . ."

Subsequently, in the case of *Commonwealth v. Yount*, 455 Pa. 303, 316, 314 A.2d 242, 249 (1974), the Supreme Court commented on the rule stated in *Ford*, supra, as follows:

> "Here, not only was the knife a possible murder implement, but it was found upon the person of the appellant at a time 'reasonably proximate to the commission of the crime.' 1 Wharton's Criminal Evidence § 211 at 442 (13th ed. C. Torcia 1972)."

Appellant's second issue challenges the sufficiency of the evidence generally, appellant contending that the evidence was insufficient to establish beyond a reasonable doubt that appellant entered the Tremont Restaurant with the intent to commit a crime [2] therein. Two cases are cited in support of appellant's position: *Commonwealth v. Ellis*, 349 Pa. 402, 37 A.2d 504 (1944) and *Commonwealth v. Freeman*, 225 Pa.Super. 396, 313 A.2d 770 (1973). However, neither case is controlling as both are factually inapposite to the case at bar. The *Ellis* Court held that although appellant entered the premises, the record failed to establish an intent to commit a felonious act by an effective overt act directed toward the commission of said felony [3] therein. The *Free-*

---

2. Burglary is defined by the Act of December 6, 1972, P.L. 1482; No. 334 § 1, 18 Pa.C.S. 3502 (1973): "(a) A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein . . . ."

3. Former Penal Code of 1939, Act of June 24, 1939, P.L. 872, § 901, 18 P.S. § 4901. The felony alleged to have been intended in *Ellis*, supra, was the offense of rape; however, at the time of appellant's

*man* reversal was predicated on the well-recognized holding that mere entry into a building, by itself, is an insufficient basis to support the inference of an intent to commit a theft therein. See also *Commonwealth v. Jacobs*, 247 Pa.Super. 373, 372 A.2d 873, 875 (1977).

In the instant case much more was established. Appellant was arrested inside the restaurant well after midnight (2:32 A.M.) at a time when the restaurant was closed to the public. The premises were ransacked; a television had been moved a substantial distance. Appellant was found hiding in the basement and had to be repeatedly ordered out at gunpoint. Found in his possession, in addition to the flashlight and lottery tickets discussed above, was a large sturdy screwdriver. One of the investigating officers testified that after finding the screwdriver on appellant, he went back to examine the vending machines to see if any of the scrapes on the machines matched with the screwdriver:

". . . One of the machines had a definite prymark on it that the screwdriver . . . either this screwdriver or one exactly the same, was used. You could see the marks clearly where the tip of the screwdriver dug in and it was the exact width of the blade . . . This screwdriver fit exactly in that pry mark . . . the point of the screwdriver, the edge, the tip here, which is a slight bit irregular, was the exact same tip mark that was on that pry mark."

The specific intent required to make out a burglary charge may be found in appellant's words, conduct, or from the attendant circumstances together with all reasonable inferences therefor. *Commonwealth v. Carroll*, 412 Pa. 525, 194 A.2d 911 (1963); *Commonwealth v. Atkins*, 232 Pa.Super. 206, 335 A.2d 375 (1975). Applying this standard to the evidence adduced in this case, the fact-finder could validly conclude that when appellant entered the Tremont Restaurant, he had the requisite intent to commit the crime of theft.

entry into the premises the female resident had already departed and appellant then left without taking or disturbing anything inside the house.

Finally, appellant complains that the court below erred in refusing defense counsel's objection to the assistant district attorney's comment during his closing argument to the jury that "If you believe the officer's testimony, you have to find that Mr. Nutter entered the premises with the intent of committing a crime." Appellant cites no authority to support his contention that the remark was improper. He simply asserts that this remark created an issue of credibility concerning the police officer's testimony arguing that at trial the officer's credibility was never at issue. We disagree and are of the view that the officer's testimony, subjected to cross-examination, did involve assessment by the jury as to credibility and that the Assistant District Attorney's remark was a fair comment related and limited to the evidence presented by the police officer. The statement was not inflammatory nor was it the prosecutor's personal opinion of appellant's guilt. *Commonwealth v. Townsell*, 474 Pa. 563, 379 A.2d 98 (1977); *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A.2d 205 (1974). A district attorney must have reasonable latitude in fairly presenting a case to the jury, and the trial judge must have reasonable discretion in deciding whether the bounds of propriety have been exceeded. See *Commonwealth v. McNeal*, 456 Pa. 394, 400, 319 A.2d 669 (1974). ". . . a prosecutor must be free to present his arguments with logical force and vigor." American Bar Association Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function, § 5.–8(b) (Approved Draft, 1971). See *Commonwealth v. Cronin*, 464 Pa. 138, 346 A.2d 59 (1975). Moreover, a reversal would be mandated only if the unavoidable effect of such comment would have such a prejudicial effect upon the jury that they could not fairly weigh the evidence and reach a just verdict. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975); *Commonwealth v. Riley*, 459 Pa. 42, 326 A.2d 400 (1974). We do not find this comment by the Assistant District Attorney improper or prejudicial.

Accordingly, judgment of sentence is hereby affirmed.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.