NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4146
_____

ANTHONY WRIGHT,

Appellant

v.

SUPERINTENDENT GRATERFORD SCI;
THE ATTORNEY GENERAL OF THE COMMONWEALTH OF
PENNSYLVANIA; THE DISTRICT ATTORNEY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cv-02161)
Honorable Mitchell S. Goldberg, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 6, 2018

BEFORE:  CHAGARES, SCIRICA, and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: May 14, 2018)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, Circuit Judge.

Anthony Wright appeals from the order of the United States District Court for the Eastern District of Pennsylvania granting the motion for reconsideration filed by Respondents (the "Commonwealth") and denying the claim of insufficient evidence set forth in Wright's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We will affirm.

I.

After a bench trial in the Court of Common Pleas of Philadelphia County, Wright was convicted of burglary, theft by unlawful taking, receiving stolen property, and criminal trespass. He was sentenced to a term of ten to twenty years' imprisonment on the burglary charge as well as terms of one to two years' imprisonment on the other charges.

The Pennsylvania Superior Court affirmed his judgment of sentence in a non-precedential decision. See Commonwealth v. Wright, 970 A.2d 485 (Pa. Super. Ct. 2009) (unpublished table decision). Wright challenged the sufficiency of the evidence, but the Pennsylvania Superior Court found "the Commonwealth's evidence sufficient to circumstantially prove burglary." (JA182.) The Pennsylvania Supreme Court denied allocatur. See Commonwealth v. Wright, 983 A.2d 1249 (Pa. 2009) (unpublished table decision).

Wright (acting pro se) filed the habeas petition now before us. In the first of six claims for relief, he asserted that there was insufficient evidence to support his conviction for burglary. Magistrate Judge Caracappa recommended, inter alia, that the first claim be

2

denied on the merits.  See Wright v. Wenerowicz, CIVIL ACTION No. 15-2161, 2016 WL 3769381 (E.D. Pa. Feb. 24, 2016).  According to the Magistrate Judge, "a rational trier of fact could have found petitioner committed the essential elements of the crime of burglary beyond a reasonable doubt."  Id. at *3.  "Petitioner, therefore, cannot meet the Jackson standard and, as such, cannot show the state court's decision was contrary to or an unreasonable application of Supreme Court precedent."  Id. (citing Jackson v. Virginia, 443 U.S. 307 (1979) (articulating standard for sufficiency of evidence challenges)).

While the District Court agreed with the Magistrate Judge's recommendation to deny or dismiss the other five grounds for relief, it initially sustained Wright's objection as to the first ground.  See Wright v. Wenerowicz, CIVIL ACTION No. 15-2161, 2016 WL 3854226 (E.D. Pa. Jul. 11, 2016).  The District Court ordered that "Petitioner's conviction and sentence for burglary are **VACATED**.  Respondent is directed to **RELEASE** Petitioner from the custody resulting from the judgment of conviction on the burglary count."  Id. at *1.  According to the District Court, "the Superior Court's adjudication of Petitioner's sufficiency of the evidence claim constitutes an unreasonable application of Jackson."  Wright v. Wenerowicz, CIVIL ACTION No. 15-2161, 2016 WL 3763056, at *4 (E.D. Pa. Jul. 11, 2016).  The Commonwealth moved for reconsideration.

The District Court granted the reconsideration motion, vacated its opinion and order as to the first ground, approved and adopted the report and recommendation in full, and expressly denied Wright's habeas petition on this insufficiency claim.  The District

3

Court now agreed that, although the trial record "contains the absolute bare minimum of evidence sufficient to sustain a conviction" (and the state courts did not really explain their reasoning), the Pennsylvania Superior Court's "application was not an unreasonable application of Jackson." (JA9.) However, the District Court issued a certificate of appealability with respect to this specific claim on the grounds that "reasonable jurists would find the resolution of Petitioner's sufficiency claim debatable."[1] (JA11 n.4.)

## II.

Wright's habeas claim implicates a doubly deferential inquiry under Supreme Court Due Process precedent as well as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] Under Jackson, "a reviewing court must ask 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Eley v. Erickson, 712 F.3d 837, 847 (3d Cir. 2013) (quoting Jackson, 443 U.S. at 319). "[Pursuant to AEDPA,] 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was "objectively unreasonable."'" Coleman v. Johnson, 566 U.S. 650, 651 (2012) (per curiam) (quoting Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam)). While the

---

[1] Wright subsequently filed a reconsideration motion, which was denied. Counsel was appointed to represent Wright on appeal.

[2] The District Court possessed subject matter jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. This Court has appellate jurisdiction under 28 U.S.C. §§ 2253 and 2254. We exercise plenary review. See, e.g., Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009).

minimum amount of evidence required by the Due Process Clause to prove the offense constitutes an issue of federal law, we must look to state law for the elements of the offense. See, e.g., id. at 655. The Pennsylvania offense of burglary requires proof of a specific intent to commit a crime within the structure at the time of entry, and this intent cannot be inferred solely from the commission of such a crime. See, e.g., Commonwealth v. Crowson, 405 A.2d 1295, 1296 (Pa. Super. Ct. 1979) (per curiam). However, the Pennsylvania Superior Court indicated that, "once one has entered a structure by criminal means we can infer that the person intended a criminal purpose based upon the totality of the circumstances" (JA182 (citing Commonwealth v. Lambert, 795 A.2d 1010, 1022 (Pa. Super. Ct. 2002), federal habeas evidentiary hearing ordered on other grounds sub nom. Lambert v. Warden Greene SCI, 861 F.3d 459 (3d Cir. 2017))). See, e.g., Crowson, 405 A.2d at 1296 ("Specific intent may be inferred from the accused's words and conduct attendant to the entry." (citing Commonwealth v. Nutter, 389 A.2d 626 (Pa. Super. Ct. 1978); Commonwealth v. Jacobs, 372 A.2d 873 (Pa. Super. Ct. 1977))).

The Pennsylvania Superior Court succinctly summarized the evidence presented against Wright:

> Here, the victim testified at trial that she was asleep in her bed, when, at 3:00 a.m., she awoke to find Wright pulling on her covers. The victim told Wright, whom she knew, that her boyfriend would be home soon. Wright asked the victim not to tell his girlfriend about the incident and left. The victim later discovered credit cards missing from her wallet and her prescription medicine missing from her bedroom. Wright admitted at trial that he "grabbed one of the credit cards."

(JA181-JA182 (citations omitted).)

5

Given the circumstances, we conclude that the Pennsylvania Superior Court's determination that "the evidence was sufficient to prove burglary" (JA182) constituted a reasonable application of Supreme Court precedent. According to Wright, "[t]he exceedingly brief record is simply devoid of any evidence that would permit a reasonable fact-finder to conclude beyond a reasonable doubt that Mr. Wright intended to commit a crime at the time he entered the apartment." (Appellant's Brief at 11.) Instead, the evidence purportedly showed only that he illegally entered the apartment and, at some point thereafter, committed a crime within the apartment. However, the Pennsylvania Superior Court appropriately determined that it was reasonable to infer that Wright entered the apartment intending to commit a theft or some other crime. "Wright entered the victim's apartment, without her consent, while she was asleep with her daughter. After he left, the victim discovered that some of her property was missing." (JA182.) As the District Court noted, "[w]hile there is no evidence of forcible entry or explanation regarding how Petitioner gained entry to the premises, the victim did testify that she locked the door before going to bed." (JA9.) Wright testified at his trial that, as he was walking home from his mother's house, he noticed the front door was open and entered the premises because he wanted to make sure everything was okay. It appears that his testimony was found to be "incredible," and we have "'no license to redetermine credibility.'" Wright, 2016 WL 3763056, at *5 n.2 (quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983)). Wright contends that the evidence does not indicate when he entered the apartment or how long he was there before he stole the credit cards. But it was not objectively unreasonable to determine that (as the District Court put it) "the

6

record reflects a sequence of events which could allow a reasonable fact finder to conclude that the credit cards were taken contemporaneously with or shortly after entry." (JA9) Wright as well as the District Court in its initial vacated disposition have claimed that he would have not woken up the victim if he entered with the intent to steal. Yet, after the victim warned Wright that her boyfriend would soon be home, Wright still wanted her "not to tell anybody about the incident" (specifically his girlfriend) (Appellant's Brief at 15) and did not tell her that he saw the door was open and just wanted to check on her (the excuse he offered at his trial).[3]

## III.

For the foregoing reasons, we will affirm the order of the District Court granting the Commonwealth's motion for reconsideration.

---

[3] Citing to a number of state court decisions, Wright contends that, while the state courts have found a wide variety of evidence sufficient to establish a defendant's intent, such evidence was not present here. For instance, he points out that there was no evidence that Wright himself spoke about his intent. However, the absence of such evidence does not show that the state court's reasoning represented an unreasonable application of Jackson. Similarly, Wright turns to federal (non-Third Circuit) case law to support his argument that the Pennsylvania Superior Court relied on conjecture and rank speculation, and he argues that "[t]he Third Circuit has concluded [in Kamienski v. Hendricks, 332 F. App'x 740 (3d Cir. 2009),] that it is unreasonable to establish an intent element by merely pointing to other criminal activity." (Appellant's Brief at 19.) However, there was more than mere speculation or evidence of other criminal activity in this case.

Claiming that Wright had a history of breaking into homes, sexually assaulting children, and stealing items, the Commonwealth also asserts that it would be reasonable to infer that he intended to sexually assault the victim or her daughter upon illegally entering the home. We follow the District Court's lead to dispose of this matter without considering such speculation.