Commonwealth *v.* Burton, Appellant.

Argued November 21, 1972. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Samuel Dashiell,* for appellant.

*Robyn Greene,* Assistant District Attorney, with her *James T. Ranney* and *Milton M. Stein,* Assistant Dis-

trict Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 16, 1973:

Albert Burton appeals from the judgment of sentence imposed by the trial court following his conviction by a jury of murder in the second degree. We affirm.

The only contention is the trial evidence was insufficient as a matter of law to support a conviction greater than voluntary manslaughter.

As we have repeatedly said the test in determining if the evidence is sufficient to sustain a criminal conviction is, whether accepting as true all of the evidence of the Commonwealth, and all reasonable inferences arising therefrom, upon which the jury could properly have reached its verdict, was it sufficient in law to prove beyond a reasonable doubt that the appellant was guilty of the crime of which he stands convicted. See *Commonwealth v. Wrona,* 442 Pa. 201, 275 A. 2d 78 (1971).

Read in the light most favorable to the Commonwealth, the instant record establishes the following facts.

On the evening of July 24, 1971, the appellant-Burton told Albert Purcell he was going to kill his brother, James Purcell. On the following afternoon, armed with a gun hidden in his shirt, Burton approached James Purcell as he sat with two friends on the front steps of a house at 1122 Pine Street in Philadelphia. Burton accused Purcell of lying about him to his "old lady" and insisted he stand up. The two men began to wrestle and exchanged several "licks." Burton then pulled the gun from inside his shirt and shot Purcell

twice in the chest, causing wounds which resulted in Purcell's instant death.

The above evidence was more than ample to warrant the jury in finding that malice, which is a necessary ingredient of the crime of murder (*Commonwealth v. Tyrrell*, 405 Pa. 210, 174 A. 2d 852 (1961)), existed on the part of Burton at the time of the killing.

Burton's description of the occurrence at trial differed materially from that of the testimony of the witnesses offered by the Commonwealth. Assuming Burton's testimony would establish the killing occurred under circumstances constituting voluntary manslaughter, it was within the prerogative of the jury to reject this testimony and to believe that of the witnesses who testified for the Commonwealth.

Judgment affirmed.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.