353 A.2d 402

**COMMONWEALTH of Pennsylvania**

**v.**

**Israel HUNTLEY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 12, 1976 (J–7).

Decided March 17, 1976.

McEldrew, Hanamirian, Quinn, Bradley & D'Amico, Philip M. Gilligan, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Israel N. Huntley, was convicted in a non-jury trial of voluntary manslaughter for the fatal stabbing of his common-law wife, Bernice Short. Post-verdict motions were denied and a sentence of two and one-half to seven years imprisonment was imposed. This appeal followed.

Appellant contends that the evidence was insufficient to establish his guilt of voluntary manslaughter beyond a reasonable doubt. After an examination of the record, we conclude there is no merit to the issue raised and affirm the judgment of sentence.

The prosecution's evidence established that during the day prior to the fatal stabbing of Bernice Short, she and the appellant had been drinking at various places. That evening, they visited the home of appellant's sister, where they decided to spend the night. Shortly after they retired to the bedroom, an argument broke out during which the victim was stabbed three times. The argument between the parties continued as they both came out of the bedroom into the hallway. Appellant was seen striking the victim with his hand. Shortly thereafter, the victim died of a stab wound to the chest. A knife

was later found in the victim's purse. Examination of the knife revealed no fingerprints.

The crucial issue at trial was what happened in the bedroom. Appellant testified that as he and the victim were arguing, the victim pulled out a knife, and as they struggled over the knife, the victim was accidentally stabbed as she was holding the knife. The appellant also testified that he held his liquor well, was not drunk at the time, and remembered clearly what happened.

The appellant's version of the facts, however, was inconsistent with the evidence presented by the prosecution. On appeal from a guilty verdict, the prosecution's evidence, and all reasonable inferences arising therefrom, must be accepted as true when determining whether guilt has been established beyond a reasonable doubt. *Commonwealth v. Carthon*, 467 Pa. ——, 354 A.2d 557 (1976); *Commonwealth v. Burton*, 450 Pa. 532, 301 A.2d 599 (1973); *Commonwealth v. Stukes*, 435 Pa. 535, 257 A.2d 828 (1969).

Appellant's niece, a prosecution witness, testified that she slept in a bedroom adjacent to the bedroom in which the appellant and the victim had retired for the night. She testified that she overheard their conversations, and that the decedent said, "Don't push me. Don't push my leg . . ." Then she heard the appellant say, "You say one more word to me and I'm going to kill you." The testimony of appellant's niece continued as follows:

"Q. After he said that, what's the next thing that you heard?

A. I heard Bernice say—'Well, you talk you are always going to do this—'

Q. Then what did you hear?

A. I heard like a smack or something.

Q. After you heard what sounded like a smack, what happened?

A. Like somebody was tussling.

Q. Did you hear anything else?

A. Yeah, I heard Bernice say—'I'll be goddamned, you did it for real—why, why, why did you do that?' "

The niece then testified that both appellant and the victim came out of the bedroom, and that she saw them standing in the bedroom doorway. She saw the victim holding her side and noticed blood on the floor where the victim was standing. Appellant's sister came and asked the victim what was the matter. The victim responded that the appellant had stabbed her. The victim died shortly thereafter. The testimony of appellant's niece was sufficient to establish that appellant intentionally stabbed his wife.

■ Appellant's argument that he could not have formed the requisite intent because he was intoxicated is likewise without merit. Appellant himself testified that he was not drunk at the time of the killing, that he held his liquor well, and that he remembered the incident clearly.

Judgment of sentence affirmed.