419 A.2d 552

COMMONWEALTH of Pennsylvania

v.

**William J. REED, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 1979.

Filed March 28, 1980.

468

Mel D. Kardos, Assistant Public Defender, Doylestown, for appellant.

Kenneth G. Biehn, District Attorney, Doylestown, for Commonwealth, appellee.

Before PRICE, VAN der VOORT and WIEAND, JJ.*

WIEAND, Judge:

William J. Reed was tried jointly with Russell Bowe Johnson, Jr. and Charles William DiAmposia on charges of burglary, theft, receiving stolen property and conspiracy. A jury found him guilty on all counts, but judgment was arrested by the court on the convictions for burglary and theft. A sentence was then imposed for receiving stolen property and for conspiracy to receive stolen property. On appeal, Reed argues that the evidence was insufficient to sustain the findings of guilt on these charges.

It is axiomatic that in determining whether the evidence is sufficient to sustain a criminal conviction, the test is whether, accepting as true all of the evidence of the Commonwealth and all reasonable inferences arising therefrom upon which the jury could properly have reached its verdict, such evidence is sufficient in law to prove beyond a reasonable doubt that appellant was guilty of the crime of which he stands convicted. *Commonwealth v. Burton*, 450 Pa. 532, 534, 301 A.2d 599, 600 (1973). Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in a proper case rely wholly on circumstantial evidence, guilt must be proven and may not rest on mere suspicion and surmise. *Commonwealth v. Roscioli*, 454 Pa. 59, 62, 309 A.2d 396, 398 (1973).

On June 29, 1975, when park rangers at Silver Lake reported for work at the maintenance shop used by the Bucks County Parks Department, they found that it had been broken into, that the interior had been vandalized, that green and black paint had been thrown on vehicles garaged

* Judge DONALD E. WIEAND is sitting by special designation.

in the shop, and that tool boxes and equipment had been removed. A search of the surrounding area quickly disclosed that the tool boxes and equipment had been placed in tall grass and bushes along the side of the maintenance road which led from the public road to the shop. Park personnel removed the tool boxes and equipment and set up surveillance of the area.

At or about 12:45 o'clock, P.M., Reed, Johnson and DiAmposia walked up the maintenance road to the area where the tools and equipment had been found. Johnson remained on the road, where he looked from side to side and in all directions, as appellant and DiAmposia entered the overgrown area where the equipment had been placed earlier that day. There they pushed the tall grass aside as though looking for something. Ultimately, one of them was overheard to say, "It is not here." Johnson then told them from the road that they were being watched, whereupon Ranger Cairns stepped out and ordered the three men to stay where they were. DiAmposia fled, but appellant and Johnson were taken into custody. Appellant was frequently observed while in custody to be rubbing what appeared to be black paint from one of his hands and from his clothes.

The crime of receiving stolen property is defined in 18 Pa.C.S. § 3925(a), where is it provided that a person is guilty "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." Subsection (b) defines "receiving" as "acquiring possession, control or title  .   .   ."

Although we do not have the benefit of the lower court's reasoning for setting aside the convictions for burglary and theft, we must necessarily assume that it found the evidence insufficient to prove that appellant had been one of the persons who burglarized the maintenance shop and took the tools. The issue before this Court, therefore, is whether evidence that appellant, when he went into the field at the side of the maintenance road and appeared to be searching

for something in the very same spot where the tools had been hidden by the thief or thieves, was sufficient to prove that he had received the stolen tools.

It seems obvious, however, that neither appellant nor one of his companions could take possession or exercise control over the tools at that time. The tools had been removed from the field by the park rangers and were no longer present where appellant could take possession of them. Thus, appellant could acquire neither actual nor constructive possession of the stolen tools and it was impossible for him to "receive" the same.

It does not follow that the evidence was insufficient to sustain a conviction for conspiracy to receive stolen property. Conspiracy is an inchoate crime. Under 18 Pa.C.S. § 903(a), "[a] person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime."

While the essence of the crime is a common understanding, the Commonwealth is not required to prove an explicit or formal agreement in order to establish the existence of a conspiracy. *Commonwealth v. Neff*, 407 Pa. 1, 6, 179 A.2d 630, 631–32 (1962); *Commonwealth v. Cameron*, 247 Pa.Super. 435, 439, 372 A.2d 904, 906 (1977). A conspiracy may be proved by circumstantial evidence. *Commonwealth v. Eiland*, 450 Pa. 566, 570, 301 A.2d 651, 652 (1973); *Commonwealth v. Batley*, 436 Pa. 377, 392, 260 A.2d 793, 801 (1970). "Although more than mere association must be shown, '[a] conspiracy may be inferentially established by showing the relation, conduct, or circumstances of the parties, and the overt acts on the part of co–conspirators have uniformly been held competent to prove that a corrupt

confederation has in fact been formed  .  .  .' " *Commonwealth v. Eiland,* supra; *Commonwealth v. Cameron,* supra.

■ The evidence in the instant case, although circumstantial, is adequate to show that appellant was part of a conspiracy to retrieve or attempt to retrieve stolen tools which had been hidden in the weeds a short distance from the maintenance building. The factfinder could have concluded that appellant and his companions knew exactly where to find the tools and went directly to the spot where they had been placed by the thief or thieves. One of the young men, Johnson, acted as a lookout, while appellant and DiAmposia were busily engaged in searching the field. One of them said, "It is not here," and another fled when the presence of a park ranger was discovered. Appellant, moreover, had on his hands and clothes what appeared to be black paint, which he repeatedly tried to remove by rubbing.

■ It is not a defense to conspiracy that the tools had previously been removed and that the crime of receiving stolen property, therefore, could not have been completed. Conspiracy is a inchoate crime and does not necessarily entail maturation into a committed crime. The agreement necessary to create a conspiracy may involve an attempt to commit a crime, and impossibility of completion is not a defense to an attempt. 18 Pa.C.S. § 901(b). A conspiracy, however, does require an overt act in pursuance to the conspiracy before there can be a conviction. Such an act was present in this case. 18 Pa.C.S. § 903(e).

■ Appellant also argues that it was error to permit a ranger to testify, over objection, that what he observed on appellant' hand appeared to be black paint. We disagree. Mere descriptive language would have been inadequate to convey to the jury an understanding of the witness' observation. Necessity, therefore, required that the witness be permitted to supplement his testimony by an opinion concerning the substance which he had observed. See: Henry, Pennsylvania Evidence § 531. See also: *Cooper v. Metropol-*

*itan Life Ins. Co.*, 323 Pa. 295, 300–01, 186 A. 125, 128 (1936); *Commonwealth v. Fugmann*, 330 Pa. 4, 26, 198 A. 99, 110 (1938).

In other cases, a witness has been permitted to testify that an article resembled yellow butter, *Commonwealth v. Caulfield*, 27 Pa.Super. 279, 282, *affd.*, 211 Pa. 644, 61 A. 243 (1905); or that spots were blood spots, *Gaines v. Commonwealth*, 50 Pa. 319, 330 (1864); or that a person was intoxicated, *Commonwealth v. Eyler*, 217 Pa. 512, 515, 66 A. 746, 747 (1907). There was no error committed in the instant case, therefore, when the trial judge permitted the witness to identify the substance on appellant's hand as black paint.

The conviction for receiving stolen property is set aside; the judgment of sentence is vacated; and the case is remanded for re–sentencing on the conviction for criminal conspiracy.