442 A.2d 803

COMMONWEALTH of Pennsylvania

v.

**Jorge RODRIGUEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted May 28, 1981.

Filed March 12, 1982.

350

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and McEWEN, JJ.

WIEAND, Judge:

Jorge Rodriguez was tried in the Municipal Court of Philadelphia and found guilty of indecent exposure and corrupting a minor. A petition for certiorari on the grounds that the Commonwealth's evidence was insufficient to sustain the convictions was dismissed by the Court of Common Pleas of Philadelphia County, and this appeal followed. We

agree that the Commonwealth's evidence was insufficient and, therefore, reverse.

In determining the sufficiency of the evidence, the test is whether, accepting as true all the evidence of the Commonwealth and all reasonable inferences arising therefrom upon which the trier of fact could properly have reached its verdict, such evidence is sufficient in law to prove beyond a reasonable doubt that appellant was guilty of the crime of which he stands convicted. *Commonwealth v. Burton*, 450 Pa. 532, 534, 301 A.2d 599, 600 (1973). Although the Commonwealth does not have to establish guilt to a mathematical certainty, guilt must be proven and may not rest on mere suspicion and surmise. *Commonwealth v. Roscioli*, 454 Pa. 59, 62, 309 A.2d 396, 398 (1973); *Commonwealth v. Reed*, 276 Pa.Superior Ct. 467, 469, 419 A.2d 552, 553–4 (1980).

The crime of indecent exposure is defined in 18 Pa.C.S. § 3127, where it is provided that a person is guilty "if, for the purpose of arousing or gratifying sexual desire of himself or of any person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm."

The Commonwealth's only evidence came from a seven-year-old girl who testified that while she was seated in an alley near her home, appellant entered the alley and the following occurred:

"Q. What happened when he came up?
A. And he shaked his bird.

  .      .      .      .      .

Q. What did he do with his bird?
A. Shaked it.

  .      .      .      .      .

Q. Did you see his bird?
A. Yes.
Q. What, if anything, did he say or do when he shook his bird?

A. He just put his finger in his mouth.

Q. Put his finger in his mouth? Show the judge how he put his finger.

A. (Indicating)

Mr. Schiffman: Indicating the finger being vertical over the mouth, right under the nose.[1]

Q. In whose direction was he looking when he did that?

A. At the wall.

Q. Where were you when he did that?

A. Over there, sitting from the alley.

Q. When you first saw him, was his bird in or out of his pants. When you first saw him.

A. It was in.

Q. At what point did he take it out?

A. (No response)

Q. When you first saw him, what was he doing?

A. Walking up.

.    .    .    .    .

Q. Was he facing you when he took his bird out?

A. No.

Q. Where was he facing?

A. He was facing the wall and he turned his head to me.

Q. When he turned his head to you, what did he do?

A. Just put his finger up."

■ Before there can be a conviction for indecent exposure, the Commonwealth must prove beyond a reasonable doubt, either by direct or circumstantial evidence, that the defendant was acting for the purpose of arousing or gratifying sexual desire on the part of himself or another person. In the instant case, this element of the offense was not shown. The Commonwealth failed to prove by even a scintilla of evidence that appellant's conduct was sexually

1. The record clarifies and explains this gesture as one suggesting silence or requesting the child to say nothing.

motivated. There is no evidence that he was masturbating or even that he had an erection. Neither is there other evidence that appellant intended to arouse or gratify sexual desire on the part of himself. Similarly, there is no evidence that he acted to arouse or gratify sexual desire on the part of anyone else. The Commonwealth proved merely that appellant, while facing a wall in an alley, extracted his penis and subsequently shook it. The Commonwealth had the burden of proving that the act was sexually motivated, and it is not for this Court to speculate concerning the purpose of appellant's conduct. It may be observed, however, that the Commonwealth's evidence was as consistent with urination as with a sexual act. In the absence of evidence, either direct or circumstantial, from which the factfinder could infer an intent to arouse or gratify sexual desire, we are forced to conclude that the Commonwealth failed to prove that appellant committed the crime of indecent exposure.[2]

█ For similar reasons, the Commonwealth failed to show that appellant committed the offense of corrupting a minor. This offense is defined at 18 Pa.C.S. § 6301(a) as follows: "Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age . . . is guilty of a misdemeanor of the first degree." This section does not specify a particular culpability. Therefore, 18 Pa.C.S. § 302(c) is applicable and requires the Commonwealth to prove an act intentionally, knowingly or recklessly committed to corrupt or tending to corrupt the morals of a minor.

The Commonwealth did not attempt to prove that the morals of the seven year old child had actually been corrupted. It does contend that appellant's conduct tended to corrupt the morals of the child. We disagree. Tending to

2.  Open lewdness, a lesser offense, is defined by 18 Pa.C.S.A. § 5901 as "any lewd act" which the actor "knows is likely to be observed by others who would be affronted or alarmed." The issue has not been raised in this case; and, therefore, we express no opinion whether appellant's conduct amounted to such a gross flouting of community standards in a public place as to constitute the offense of open lewdness.

corrupt the morals of a minor has been held on numerous occasions to contemplate conduct toward a child which tends to produce, encourage or continue delinquent conduct of the child. *Commonwealth v. Mumma*, 489 Pa. 547, 555, 414 A.2d 1026, 1030 (1980); *Commonwealth v. Zellner*, 268 Pa. Superior Ct. 59, 66, 407 A.2d 436, 439 (1979); *Commonwealth v. Meszaros*, 194 Pa. Superior Ct. 462, 465, 168 A.2d 781, 782 (1961). It cannot be said that the conduct of appellant, as described by the Commonwealth's witness, was of a type which tended to produce, encourage or continue delinquent conduct on the part of the minor who observed it.

This is a case in which the Commonwealth failed to prove commission of the crimes charged. Therefore, the convictions are reversed and set aside, and appellant is discharged.

McEWEN, J., files a concurring and dissenting opinion.

McEWEN, Judge, concurring and dissenting:

The appellant was convicted of indecent exposure and corrupting the morals of a minor. I concur with the majority that the Commonwealth did not prove the charge of corrupting the morals of a minor. I would, however, affirm the conviction of the appellant upon the charge of indecent exposure and, therefore, dissent from that portion of the majority opinion.

A person may be convicted of indecent exposure "if, for the purpose of arousing or gratifying sexual desire of himself or any other person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm." 18 Pa.C.S.A. § 3127.

The majority concludes that the Commonwealth's evidence was insufficient to prove that he acted for the purpose of arousing or gratifying sexual desire because there was no evidence that appellant was masturbating or had an erection and because all we know is that appellant faced a wall, extracted his penis and shook it which is as consistent with urination as it is with a sexual act. I respectfully disagree.

It must be remembered that in testing the legal sufficiency of the evidence to support the verdict, the reviewing court is not permitted to substantiate [sic] its judgment for that of the factfinder. The reviewing court is restricted to assessing the evidence in the light most favorable to the verdict winner, here the Commonwealth, and drawing all proper inference that the evidence suggests in that party's favor.

*Commonwealth v. Smith,* 490 Pa. 374, 378, 416 A.2d 517, 519 (1980). Moreover, "[p]roof of a defendant's state of mind 'may be found in the defendant's words or conduct or from the attendant circumstances together with all reasonable inferences therefrom.'" *Commonwealth v. Stoffan,* 228 Pa. Super.Ct. 127, 149, 323 A.2d 318, 328 (1974) (quoting *Commonwealth v. Freeman,* 225 Pa.Super.Ct. 396, 399, 313 A.2d 770, 772 (1973) (citations omitted). Additionally, the finder of fact may find that the actor intended the natural and probable consequences of his actions. *Commonwealth v. Thomas,* 465 Pa. 442, 350 A.2d 847 (1976); *Commonwealth v. Back,* 255 Pa.Super.Ct. 603, 389 A.2d 141 (1978). In view of the above tests, we believe that the Commonwealth's evidence in the instant case was clearly sufficient to enable the trier of the fact to convict appellant of indecent exposure.

The testimony quoted in the majority opinion reveals we know much more than the fact that appellant faced a wall, extracted his penis and shook it. In determining the sufficiency of the evidence, we must consider *all* of the evidence and *all* of the reasonable inferences in the light most favorable to the Commonwealth. *Commonwealth v. Martin,* 481 Pa. 515, 393 A.2d 23 (1978) (emphasis added). Significantly, the evidence also indicates that appellant was aware that a young girl was present in the alley only several feet from him and that he chose to expose his genitals in a manner that permitted her to view them.

I differ with the conclusion of the majority that there was insufficient evidence because the appellant's conduct was as consistent with urination as it was with a sexual act. The trial judge, who was the trier of the facts, concluded there

was sufficient evidence of the sexual nature of the pertinent behavior. It is not the function of an appellate court, in an appeal alleging insufficiency of evidence, to weigh the evidence and substitute its judgment. *Commonwealth v. Zimmerman*, 264 Pa.Super.Ct. 307, 399 A.2d 1064 (1979). Moreover, circumstantial evidence may be sufficient if the circumstances are consistent with criminal activity even though they might also be consistent with innocent behavior. *Commonwealth v. Adams*, 273 Pa.Super.Ct. 484, 417 A.2d 751 (1979).