455 A.2d 177

**COMMONWEALTH of Pennsylvania**

v.

**Floyd McCLOUD, Appellant.**

Superior Court of Pennsylvania.

Submitted May 25, 1982.

Filed Jan. 21, 1983.

Petition for Allowance of Appeal
Denied Aug. 4, 1983.

317

Arlan Ryna Mintz, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WIEAND and BECK, JJ.

BECK, Judge:

Appellant, Floyd McCloud, was convicted by a jury of murder in the first degree and possessing an instrument of crime. Timely post-verdict motions were filed and denied, and appellant was sentenced to a term of life imprisonment on the former charge and a consecutive term of from two and one-half to five years on the latter.

Appellant alleges initially that trial counsel was ineffective for failing to request a jury charge stating the specific elements of self-defense and then failing to object when the court failed to instruct on self-defense. He ad-

mits that his trial counsel requested a "general" self-defense charge and that one was given to the jury, but he states that the trial judge "never specifically mentioned the elements of self-defense." Appellant's Brief at 8.

We find no support in the record for appellant's claim that the specific elements of self-defense were not included in the jury charge. The Crimes Code delineates the elements of self-defense at 18 Pa.C.S.A. § 505:

> (a) **Use of force justifiable for protection of the person.**—The use of force upon or toward another person is justifiable when the actor believes [1] that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

Section 505(b)(2) sharply limits this defense when deadly force is used:

> The use of deadly force [2] is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat[.]

And section 505(b)(2)(ii) makes the defense unavailable where "the actor knows that he can avoid the necessity of using such [deadly] force with complete safety by retreating[.]"

We find that the trial judge specifically charged on self-defense. He correctly instructed the jury that the burden is upon the Commonwealth to disprove beyond a reasonable doubt self-defense. *Commonwealth v. Adams*, 273 Pa.Super. 484, 487, 417 A.2d 751, 753 (1979). He charged the jury that "[y]ou may find the defendant guilty only if you are satisfied beyond a reasonable doubt that [appellant] did not reasonably believe that the use of deadly force was then

1. Section 501 of the Crimes Code defines "believes" as "reasonably believes."

2. Section 501 defines "deadly force" as "[f]orce which, under the circumstances in which it is used, is readily capable of causing death or serious bodily injury."

and there necessary to protect himself against death or serious bodily injury." Notes of Testimony ("N.T.") at 7.182–.183. He correctly defined deadly force according to the aforementioned definitional section. He also correctly tracked the language of section 505(b)(2)(ii): "[Y]ou may find the defendant guilty if you are satisfied beyond a reasonable doubt that the defendant knew that he could avoid the necessity of using deadly force with complete safety by retreating from Robert Dulaney outside on the street where the alleged incident occurred." N.T. at 7.183.[3]

We find the trial court's charge correctly enunciated the elements of self-defense under section 505. Accordingly, we reject appellant's claim that trial counsel was ineffective in failing to object when the charge was given to the jury. "[C]ounsel is not ineffective in failing to assert a baseless claim. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977)." *Commonwealth v. Schroth,* 495 Pa. 561, 564, 435 A.2d 148, 149 (1981).

■■■■ Appellant next alleges that the trial court erred in charging the jury that testimony of Dr. Kenneth Kool, the defense psychiatrist, "is evidence of low quality and is not entitled to too much consideration." N.T. at 7.160. This we find to be an accurate statement of the law and accordingly we find no error in so instructing the jury. While it is clear that psychiatric testimony is admissible to prove the defendant's subjective belief that he is in danger of imminent death or serious bodily injury, *see, e.g., Commonwealth v. Light,* 458 Pa. 328, 326 A.2d 288 (1974), it is equally clear "that an opinion is only an opinion. It creates no fact. Because of this, opinion evidence is considered of a low grade and not entitled to much weight against positive testimony of actual facts such as statements by the defendant and observation of his actions." The foregoing instruction was upheld as being a correct statement of the law in

---

3. Appellant claimed that the trial court failed to use the term self-defense anywhere in its charge. We note that this statement is erroneous as the trial court specifically used that term in its charge. N.T. at 7.169. We note, however, that section 505 does not use the term "self-defense," and the trial court was not required to substitute that term for the words of the statute delineating the defense.

*Commonwealth v. Woodhouse,* 401 Pa. 242, 260, 164 A.2d 98, 107 (1960). We further find that the trial court was correct in charging the jury that the expert testimony was to be given little weight in this case where there was ample non-opinion testimony rebutting that of the expert. *See, e.g., Commonwealth v. Cooper,* 270 Pa.Super. 365, 411 A.2d 762 (1979).

■ Appellant claims finally that the trial court erred in excluding Officer Palmer's testimony that the bullet entered through the victim's chest rather than through his back. Defense counsel sought to qualify the police officer so that he could rebut the analysis of the medical examiner, Dr. Fillinger, who concluded and testified that the bullet entered through the victim's back. We agree with the trial court's conclusion that the officer did not qualify as an expert and we excerpt that portion of its opinion which thoughtfully supports that conclusion and upon which we will rely.

Defendant's attempts to qualify Officer Edward Palmer as an expert for purposes of attacking the conclusions expressed by Dr. Fillinger is also meritless.

The Court held an in camera hearing in which defense counsel sought to qualify Officer Palmer as an expert for purposes of contradicting the conclusion that the back wound on the victim was an entrance wound and not an exit wound. Defense counsel presented a statement elicited by a Detective McCormack in an interview of Officer Palmer, which statement indicated that it was Officer Palmer's belief that the victim was shot one time in the left side of the chest, with an exit wound in the center of the back.

It is clear that this may well be the natural conclusion of a layman untrained in the areas of forensic pathology where he finds the victim lying face up. Such a conclusion is not, however, based on even a shred of scientific evaluation as is required in these highly technical matters. During the in camera hearing, Officer Palmer made it obvious that his statement was the product of nothing more than a cursory observation; it was not the product

of scientific evaluation of any sort (N.T. 6.196–6.201, 3–2–81).

Whether an alleged expert is qualified rests, to a very considerable extent, within the trial Court's discretion. *Kravinsky v. Glover,* 263 Pa.Super. 8, 396 A.2d 1349 (1979). Generally, if a witness has any reasonable pretension to specialized knowledge on the subject under investigation, he will be permitted to testify and leave the weight to be given his testimony to the jury. *Kravinsky v. Glover, supra.* Further, a person will be permitted to testify as an expert even though his knowledge has been acquired through the medium of practical experience rather than through scientific study and research. *Churbuck v. Union R. Co.,* 380 Pa. 181, 110 A.2d 210 (1955).

There being no reasonable evidence of scientific study or practical experience which would qualify Officer Palmer in the areas of forensic pathology or firearms examination, it was proper for the trial Court to refuse to allow him to testify as an expert witness capable of rendering an educated opinion.

Lower Court Opinion at 9–11.

Judgment of sentence affirmed.