# Commonwealth v. Brettman

*Jason C. Glessner, assistant district attorney,* for Commonwealth.

*Sean M. Fitzgerald* and *Eric M. Gibson,* for defendant.

LUDGATE, *J.,* February 6, 2009—

## I. FACTUAL AND PROCEDURAL HISTORY

On June 13, 2008, Brian Edward Brettman (defendant) was charged in a Bill of Information with two counts of corruption of minors, 18 Pa.C.S. §6301, one count of indecent exposure, 18 Pa.C.S. §3127(a), and one count of open lewdness. Following a jury trial which began

October 27, 2008 and concluded October 28, 2008, the defendant was found guilty of two counts of corruption of minors, 18 Pa.C.S. §6301(a)(1), one count of indecent exposure, 18 Pa.C.S. §3127(a) and one count of open lewdness, 18 Pa.C.S. §5901.

At trial, the Commonwealth presented the testimony of Amber Rupp, who stated that on February 29, 2008 she was 17 years of age. (N.T., 10/27/2008-10/28/2008 p. 15.) On that day, around 11:30 p.m., Amber was at her mother's house in Berks County, Pennsylvania, with her mother, Pamela Rupp and sister, Courtney Rupp, when the defendant came to the house. (N.T. p. 16.) The defendant knocked on the door and was let in by Pamela Rupp. (N.T. p. 17.) The defendant asked Pamela Rupp for a needle, which she provided to him, then left, returning within a half an hour. *Id.* Amber told the defendant to leave while he was standing in the kitchen. At which point, the defendant took Pamela Rupp's head and pushed it down towards his penis and was touching her butt and vagina. (N.T. p. 18.) Amber and Courtney Rupp yelled at the defendant to leave. The defendant left the house as Pamela Rupp pushed him out to the back yard. The defendant laid down on the ground in the yard with his penis exposed, his pants being pulled down to about his hips. Although it was dark and snowing, Amber was able to see the defendant due to a light on the side of the house and by use of a flashlight. (N.T. p. 19.) Amber Rupp saw the defendant's penis exposed and recognized that he was aroused because his penis was "right up" instead of down. (N.T. pp. 27-28.) The defendant was in the yard for about 10 minutes total. Amber and Courtney repeatedly yelled at him to leave

and said the cops had been called and were coming. (N.T. p. 20.)

The Commonwealth next presented the testimony of Courtney Rupp. Courtney was 15 years of age in February of 2008. (N.T. p. 29.) Courtney stated she entered the kitchen while her mother and the defendant were in the kitchen; the defendant had his pants down and Courtney saw his pubic hair. (N.T. p. 31.) Courtney saw the defendant push Pamela's head down with his pants down. Amber told the defendant to leave, and at first he refused. Courtney next saw the defendant in the back yard, where he was standing against a wall. (N.T. p. 32.) Courtney witnessed the defendant masturbating with his right hand, although she never saw his penis because it was dark. (N.T. p. 33.)

The Commonwealth also presented the testimony of Monica Brock. Ms. Brock was present at a neighboring apartment of the Rupp's home on February 29, 2008. (N.T. p. 49.) At approximately 11 or 11:30 p.m., Ms. Brock heard a commotion and looked out the back door of the apartment to see the defendant in the Rupp's back yard. (N.T. pp. 49-50.) Ms. Brock saw the defendant with his left arm against a wall and his right hand down his pants. The defendant's pants were up and Ms. Brock never saw his genitals. (N.T. pp. 50-51, 54.) Ms. Brock used a flashlight because the outside light was not working. (N.T. p. 51.) Ms. Brock called police, told the defendant she had called police, and the defendant left. (N.T. p. 52.)

The defendant's date of birth is January 26, 1968. Commonwealth exhibit 1.

On November 12, 2008, this court sentenced the defendant to a total of 12 months to two years confinement in a state correctional facility for Count 1, indecent exposure; 18 months to five years confinement in a state correctional facility for Count 2, corruption of minors, to run concurrent with sentence for Count 1; 18 months to five years confinement in a state correctional facility for Count 3, corruption of minors, to run concurrent with sentence for Counts 1 and 2; Count 4, open lewdness, merged with Count 1 for sentencing purposes.[1]

Timely notice of appeal was filed on December 19, 2008. On December 29, 2008, this court ordered the defendant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the order. The defendant, through his counsel, filed a timely 1925(b) statement on January 14, 2009.

This opinion is written pursuant to Pa.R.A.P. 1925(a), and for the following reasons, this court respectfully requests the instant appeal be denied.

---

1. The defendant had a prior record score of five. N.T. p. 114. Accordingly, the guideline range for the various counts are as follows: indecent exposure—standard six to 16 months, aggravated up to 19 months, mitigated as low as three months; corruption of minors—standard 12 to 18 months, aggravated up to 21 months, mitigated range nine months. Notes of testimony, sentencing hearing 11/12/2008 p. 5.

## II. ISSUES RAISED BY THE
## DEFENDANT ON APPEAL

The defendant raises the following issues on appeal:

(1) The evidence is insufficient to establish the offenses of corruption of minors. See *Commonwealth v. Rodriguez,* 296 Pa. Super. 348, 442 A.2d 803 (1982).

(2) The guilty verdicts for the offenses of corruption of minors are against the weight of the evidence.

(3) The evidence is insufficient to establish the offenses of indecent exposure and open lewdness. See *Rodriguez, supra.*

(4) The guilty verdicts for the offenses of indecent exposure and open lewdness are against the weight of the evidence.

### *Sufficiency of the Evidence*

Because the defendant's first and third claims of error allege insufficient evidence, the court will address the issues together.

When determining sufficiency of the evidence claims, the court must determine whether the evidence and all reasonable inferences therefrom, drawn in the light most favorable to the verdict winner, was sufficient to enable the fact-finder to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Sullivan,* 864 A.2d 1246, 1249 (Pa. Super. 2004). The Commonwealth's burden may be established through wholly circumstantial evidence. *Id.* The fact-finder is free to believe all, part, or none of the evidence presented. *Id.*

"Although a conviction must be based on 'more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.'" *Commonwealth v. McFadden,* 850 A.2d 1290, 1293 (Pa. Super. 2004).

In order to obtain a conviction for the crime of corruption of minors, the Commonwealth must establish that the defendant "being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age . . . ." 18 Pa.C.S. §6301(a)(1). " 'Tending to corrupt' . . . is a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage *or to continue* conduct of the child which would amount to delinquent conduct." *Commonwealth v. Meszaros,* 194 Pa. Super. 462, 465, 168 A.2d 781, 782 (1961). (emphasis in original) See also, *Commonwealth v. Barnette,* 760 A.2d 1166 (Pa. Super. 2000). Actions that tend to corrupt the morals of a minor are those that "would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain." *Commonwealth v. DeWalt,* 752 A.2d 915, 918 (Pa. Super. 2000). Evidence of indecent exposure, by itself, can support a conviction for corruption of a minor. *Commonwealth v. Todd,* 348 Pa. Super. 453, 462 n.2, 502 A.2d 631, 635 n.2 (1985). The Commonwealth need not prove that the defendant's acts actually corrupted the minor's morals, but only that they tended to do so. *Commonwealth v. Pankraz,* 382 Pa. Super. 116, 554 A.2d 974 (1989).

In order to obtain a conviction for indecent exposure, the Commonwealth must establish that the defendant

"expose[d] his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm." 18 Pa.C.S. §3127(a).

A defendant commits the crime of open lewdness when "he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed." 18 Pa.C.S. §5901.

In this case, the two counts of corruption of minors are supported by the evidence. The evidence, in light most favorable to the Commonwealth as verdict winner, establishes that the defendant, being 40 years of age, exposed Amber and Courtney Rupp, 17 and 15 years of age at the time, to acts tending to corrupt their morals. Courtney Rupp, saw his exposed pubic hair and observed him masturbating in the back yard. Amber Rupp observed the defendant's act of pushing Pamela Rupp's head towards his penis and saw the defendant's aroused penis exposed while he was in the back yard. As stated in *Todd*, indecent exposure by an adult, observed by a minor, is sufficient to sustain a conviction for corruption of minors. Although Courtney Rupp never saw the defendant's genitals, his conduct is sufficient to sustain the conviction, as his actions "would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain." *DeWalt*, 752 A.2d at 918.

The defendant cites *Commonwealth v. Rodriguez*, 296 Pa. Super. 348, 442 A.2d 803 (1982) in support of his claim that the evidence was insufficient to sustain the

convictions for corruption of minors. In *Rodriguez,* the defendant exposed his penis to a 7-year-old girl, shook it and put his finger to his mouth, a gesture indicating that the child should remain silent. There was no evidence that Rodriguez was aroused or masturbating. *Id.* at 353, 442 A.2d at 805. These actions were insufficient to sustain convictions for corruption of minors and indecent exposure. *Id.* at 353-54, 442 A.2d at 805-806. The defendant's conduct in the case sub judice did involve sexual conduct, thus having a greater tendency to corrupt the morals of Amber and Courtney Rupp.

Concerning the charge of indecent exposure, the case law cited by the defendant is unavailing. The *Rodriguez* case interpreted the element of the defendant's intent to arouse or gratify sexual desire on the part of himself or anyone else. *Rodriguez,* 296 Pa. Super. at 352, 442 A.2d at 804. This intent is no longer required under the modern statute; the current text of 18 Pa.C.S. §6301 requires only that the defendant exposed his or her genitals in a public place, or any place where others were present, under circumstances in which the defendant knows or should know the conduct was likely to offend, affront or alarm. However, even under the previous text of the statute, the case would provide no relief. In *Rodriguez,* the defendant exposed his penis and shook it. The Superior Court found that, absent other evidence, this action could be consistent with a sexual act or urination, and thus the evidence was insufficient to sustain the conviction. *Rodriguez,* 296 Pa. Super. at 353, 442 A.2d at 805. However, in the present case, Amber Rupp testified that the defendant exposed his penis in the back yard and Monica Brock and Courtney Rupp saw him masturbating.

There is no ambiguity as to the defendant's intent to arouse or gratify sexual desires in himself. Therefore, even if the statute still required the element of intent, the evidence would remain sufficient to sustain the conviction for indecent exposure.

Applying the current statute, the evidence is clear that the defendant did expose his aroused penis in a place where others were present, and this action was likely to offend, affront or alarm. In fact, his action did cause affront and alarm to Amber Rupp, as she yelled at the defendant to leave and said the police were coming. The defendant knew or should have known his actions were likely to cause affront or alarm because he was aware that Pamela, Amber and Courtney Rupp were in the house, as he was just pushed out of the house by Amber Rupp, who continued to yell at him to leave.

Open lewdness is supported by the evidence. The defendant's masturbating and exposing his genitals in the back yard, which was visible from the Rupp's home, as well as the apartment occupied by Ms. Brock was likely to affront or alarm; the acts in fact caused alarm to Amber Rupp and Monica Brock.

### Weight of the Evidence

Because the defendant's second and fourth claims of error concern the weight of the evidence, the court will address these claims together.

The weight of the evidence is exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the wit-

nesses. *Commonwealth v. McCloskey,* 835 A.2d 801, 809 (Pa. Super. 2003). "A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to [support] the verdict, but contends, nevertheless, that the verdict is against the weight of the evidence." *Commonwealth v. Davis,* 799 A.2d 860, 865 (Pa. Super. 2002). Whether a new trial should be granted on grounds that it is against the weight of the evidence is addressed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Id.* In determining whether the verdict is against the weight of the evidence, the role of the trial court is to determine whether "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Commonwealth v. Widmer,* 560 Pa. 308, 320, 744 A.2d 745, 752 (2000). (citations omitted) Stated more concisely, the verdict should not be disturbed unless it is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Miller,* 555 Pa. 354, 367, 724 A.2d 895, 901 (1999).

The jury, as finder of fact, found the evidence and testimony presented by the Commonwealth's witnesses to be credible as to all charges. This court does not find that the verdict in this case was so contrary to the weight of the evidence that it shocks its sense of justice.

For all the above-mentioned reasons, the court respectfully requests the defendant's appeal be denied.