J-S71044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LESLIE SMITH | |
| Appellant | No. 1068 WDA 2015 |

Appeal from the Judgment of Sentence June 24, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000151-2015

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                **FILED JANUARY 06, 2016**

Leslie Smith appeals from the judgment of sentence imposed on June 24, 2015, in the Court of Common Pleas of Fayette County, following his conviction by jury on the charge of corruption of a minor.[1]  Smith was sentenced to a term of one and one-half to five years' incarceration, plus 15 years' registration as a sexual offender pursuant to 42 Pa.C.S. § 9799.23. In this timely appeal, Smith claims there was insufficient evidence to support his conviction.  Following a thorough review of Smith's brief,[2] the certified record, and relevant law, we affirm.

Our scope and standard of review are well settled.

_____

[1] 18 Pa.C.S. § 6301(a)(1).

[2] The Commonwealth opted not to file a brief.

Because evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Sanchez***, 614 Pa. 1, 36 A.3d 24 (2011), *cert. denied,* --- U.S. ---, 133 S.Ct. 122, 184 L.Ed.2d 58 (2012). In reviewing the sufficiency of the evidence, "we must decide whether the evidence admitted at trial, and all reasonable inferences drawn therefrom in favor of the Commonwealth, as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt." ***Commonwealth v. Mitchell***, 588 Pa. 19, 42, 902 A.2d 430, 444 (2006), *cert. denied,* 549 U.S. 1169, 127 S.Ct. 1126, 166 L.Ed.2d 897 (2007) (citation omitted).

***Commonwealth v. Hitcho***, 123 A.3d 731, 746 (Pa. 2015).

Regarding the charge of corruption of a minor, the statute states:

Whoever, being the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1).

The statute requires that the knowing, intentional acts of the perpetrator *tend* to have the effect of corrupting the morals of a minor. ***Commonwealth v. Todd***, 502 A.2d 631 (Pa. Super. 1985).

This court has visited the question of what constitutes "corruption" of a minor's morals before. In ***Commonwealth v. Decker***, 698 A.2d 99, 101 (Pa. Super. 1997), we held that actions that tended to corrupt the morals of a minor were those that "would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain."

***Commonwealth v. DeWalt***, 752 A.2d 915, 918 (Pa. Super. 2000).

The underlying facts of this matter are straightforward:

> [Victim], who was born [in] August [], 1998, was sixteen years of age when she testified at trial. Her testimony concerned the period of time from 2004 to 2007. During that period, she spent time at the residence of her grandmother. Also in the residence was [Smith] who, at that time, resided with her grandmother. [R.H.], [Victim's] grandmother, confirmed that [Smith] resided with her during the period at issue.
>
> On occasion, [Victim] was alone with [Smith]. As she lay on her bed, [Smith] offered her money to show him her private areas. After the child removed her pants and underpants [Smith] would kneel down at the foot of her bed. To the best of her recollection it occurred on two occasions.

Trial Court Opinion, 8/5/2015, at 2 (citations omitted).

To briefly supplement the trial court's recitation, these events occurred when the Victim was between six and eight years old. N.T. Trial, 4/6/2015, at 12. Smith would never touch her, he would only look at her. *Id.* at 21. Although she only specifically recalled two events, she testified it happened more often than that. *Id.* at 22.

Smith first claims there was insufficient evidence in that there was no physical evidence, such as fingerprints or DNA, to support the Victim's testimony. This claim is unavailing. There is no requirement the Commonwealth present any form of physical or forensic evidence to support a conviction. Further, it is well settled that in such cases, the uncorroborated testimony of the victim, if believed, is sufficient to support a conviction. In *Commonwealth v. Bourgeon*, 654 A.2d 555 (Pa. Super. 1994), the testimony of an 11 year-old victim that the defendant lured him into a bathroom where he attempted to clip some manner of "pin toy" onto the minor's penis, was sufficient to support a conviction of corruption of

minors. Similarly, in **Commonwealth v. Stoner**, 425 A.2d 1145 (Pa. Super. 1981), the uncorroborated testimony of a 12 year-old child was sufficient to support convictions not only of corruption of minors but also of statutory rape and involuntary deviate sexual intercourse.

Smith has included in this claim the fact that the Victim did not report the incidents until several years after they occurred. This claim challenges the credibility of the Victim, and therefore, the weight of the evidence, not the sufficiency. **See generally**, **Commonwealth v. Lane**, 555 A.2d 1246 (Pa. 1989) (lack of prompt complaint is an issue of credibility); **Commonwealth v. Hankerson**, 118 A.3d 415, 420 (Pa. Super. 2015) (the weight of the evidence is a matter exclusively for the finder of fact who is free to believe all, part, or none of the evidence, and determine the credibility of the witnesses). However, Smith did not preserve a weight of the evidence claim. **Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa. Super. 2014) (a weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing; Pa.R.Crim.P. 607).

Accordingly, the victim's testimony, without scientific corroboration, was sufficient to support Smith's conviction.

Next, Smith argues the evidence was insufficient to demonstrate his actions corrupted or tended to corrupt the moral of any minor. In this regard, he likens the evidence presented against him to the evidence presented in **Commonwealth v. Rodriguez**, 442 A.2d 803 (Pa. Super.

1982). In **Rodriguez**, a seven year old girl testified she was sitting in an alley near her home when Rodriguez entered the alley, faced a wall, and then "shaked his bird." **Id.** at 804. Rodriguez' conviction for corrupting a minor was vacated because a panel of our Court determined the actions did not tend to "produce, encourage or continue delinquent conduct on the part of the minor who observed it." **Id.** at 806.

We note that the factual circumstances of **Rodriguez**, a situation consistent with public urination, are vastly different from the instant facts wherein Smith paid the victim to disrobe so he could view her. Accordingly, we do not believe the standard used in **Rodriguez** is applicable herein. Rather, the applicable standard used to measure a defendant's actions as tending to corrupt the moral of a minor is whether the defendant's conduct violated "the common sense of the community, as well as the decency, propriety and the morality which most people entertain." **See Commonwealth v. Decker**, 698 A.2d 99, 101 (Pa. Super. 1997). Additionally, the evidence may support a conviction of corruption of a minor even without proof that the defendant's action did, in fact, corrupt the moral of the minor. **See also Commonwealth v. Mumma**, 414 A.2d 1026 (Pa. 1980). Our review of the certified record confirms that the jury was properly charged, without objection from Smith, as to the standards set forth in **Decker** and **Mumma**.

> Actions which tend to corrupt the morals of a minor are those that offend the common sense of the community and the sense of decency, propriety and morality which most people entertain.

The Commonwealth need not prove that the minor's morals were actually corrupted.

N.T. Trial, 4/6/2015, at 58-59.

Additionally, the advisory comment note to the Suggested Standard Jury Instructions (Criminal) for Corruption of a Minor, 15.6301(A), makes specific reference to **Decker** is describing the requirements for determining what actions tend to corrupt the morals of a minor. Therefore, given that the jury charge was in compliance with the SSJI and that Smith made no objection to the charge, we find no error by the trial court and conclude Smith is not entitled to relief.

We must agree with the conclusions drawn by the trial judge, who stated in his Pa.R.A.P. 1925(a) opinion:

> Here, the testimony of the child, and believed by the [j]ury, established that [Smith] would have her remove her clothing and under garments and then he would stare at her private areas as he knelt at the foot of her bed. It is without question that such actions by [Smith], having a pre-pubescent child disrobe and then staring at her private areas, were those that "would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain."

Trial Court Opinion, 8/6/2015, at 4-5.

Accordingly, we are compelled to conclude that there is sufficient evidence to support Smith's conviction of the charge of corrupting a minor.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/6/2016